IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, INC., | : : | |
| Plaintiff | : : | No. 1:15-cv-00903 |
| v. | : : | (Judge Kane) |
| RONDALE R. DEBOARD, Defendant | : : | |

## MEMORANDUM

Before the Court is Defendant Rondale R. DeBoard's motion to dismiss Plaintiff U.S. Specialty Insurance Company, Inc.'s complaint for improper venue and for failure to state a claim upon which relief can be granted. (Doc. No. 13.) For the reasons that follow, Defendant's motion will be denied.

I.   BACKGROUND

In 2011, Plaintiff U.S. Specialty Insurance Company, Inc. issued a temporary administrator's bond ("Administration Bond") to Defendant's friend, Edmund J. Succa ("Succa"), who was appointed as the administrator of a New York estate ("Hoffman Estate"). (Doc. Nos. 1 ¶¶ 1, 5, 7-8; 1-1 at 5.) In exchange for the Administration Bond, Defendant Rondale R. DeBoard, a Pennsylvania resident, allegedly executed an indemnity agreement ("DeBoard Agreement") in favor of Plaintiff.[1] (See Doc. No. 1 ¶¶ 2, 6-7.) According to the complaint, the DeBoard Agreement provided that Defendant would indemnify Plaintiff, as an "additional indemnitor," for any and all liability which Plaintiff may incur in executing and issuing an administrator's bond to Succa. (Doc. Nos. 1 ¶ 6; 1-1 at 5.)

---

[1] The Court will refer to the disputed indemnity agreement between Plaintiff and Defendant as the "DeBoard Agreement" in order to distinguish the DeBoard Agreement from the indemnity agreement included in Succa's administrator's bond application. (Doc. No. 1-1 at 3-5.)

1

The Administration Bond would ensure that Succa properly performed his fiduciary duties as temporary administrator of the Hoffman Estate. (See Doc. No. 1 ¶ 6; 1-1 at 9; 15 at 13). The DeBoard Agreement, in turn, would protect Plaintiff from financial losses incurred if Succa failed to properly discharge his fiduciary duties to the Hofmann Estate. (See Doc. Nos. 1 ¶¶ 5-7; 15 at 13.) Succa, however, passed away in April 2012. (Id. ¶ 9.) The Public Administrator of Queens County, New York ("PAQC") subsequently took over as administrator of the Hoffman Estate. (Id. ¶ 10.)

In April and June 2014, the PAQC raised allegations that Succa did not faithfully discharge his fiduciary duties as temporary administrator of the Hoffman Estate.[2] (See Doc. Nos. 1 ¶ 12; 1-1 at 20.) Consequently, the PAQC sought to surcharge Succa's estate in excess of one million dollars for Succa's alleged mismanagement. (Doc. Nos. 1 ¶ 12; 1-1 at 10, 20.) On March 9, 2015, Plaintiff, the PAQC, and the personal representative of Succa's estate reached a settlement whereby Succa's estate would pay $457,314.27. (Doc. No. 1 ¶¶ 11, 13.) Plaintiff, as Administration Bond surety for Succa, agreed to pay $457,314.27 to the Hoffman Estate.[3] (Doc. Nos. 1 ¶¶ 13-15; 1-1 at 11.)

On May 8, 2015, Plaintiff filed a complaint against Defendant seeking indemnification, reimbursement, and exoneration for the losses incurred pursuant to the Administration Bond.[4] (See Doc. No. 1 ¶¶ 15-21.) Plaintiff alleges that Defendant failed to perform his obligations under the DeBoard Agreement to indemnify and hold harmless Plaintiff as to the liabilities

---

[2] The PAQC alleged, inter alia, that Succa overstated his commission, failed to pay tax liabilities owed, and failed to marshal the decedent's assets. (See Doc. No. 1-1 at 20.)

[3] Plaintiff also alleges that it incurred additional expenditures totaling $163,335.58 pursuant to the Administration Bond. (Doc. No. 1 ¶ 15.)

[4] Exoneration, an equitable remedy available only to a surety, is generally defined as "the removal of a burden, charge, or duty – particularly the act of relieving a person or estate from a charge or liability by casting the same upon another person or estate." The Law of Suretyship 458 (Edward G. Gallagher ed., 2000) (interior quotations omitted).

incurred in connection with the Administration Bond. (Id. ¶ 17.) On July 29, 2015, Defendant filed this motion to dismiss Plaintiff's complaint for improper venue and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). (Doc. No. 13.) Plaintiff filed a brief in opposition to the motion on August 28, 2015, (Doc. No. 15), and Defendant filed a reply on September 9, 2015 (Doc. No. 19). Accordingly, the motion is now ripe for disposition.

## II.  LEGAL STANDARD

### A.  28 U.S.C. § 1404(a)

A district court may transfer a civil action to any district where the action could have been filed under 28 U.S.C. § 1391, "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under 28 U.S.C. § 1391, civil cases may be brought only in judicial districts where: (1) any defendant resides, if that judicial district is in a state where all defendants reside; (2) a substantial part of the events or omissions upon which the claim is based occurred; (3) a substantial part of property subject to a lawsuit can be found; or (4) in any district where a defendant can be brought under the personal jurisdiction of the court, but only if no district would otherwise provide a proper venue. 28 U.S.C. § 1391(b). Once a transferee court's suitability under Section 1391 has been determined, transfers under Section 1404(a) are "discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in [a] correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombly, 550 U.S. at 556). A court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).

As such, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, or they risk dismissal. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To determine the sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

### III. DISCUSSION

The DeBoard Agreement provides that California law applies, and the parties agree that California law governs the substantive law that controls their dispute.[5] (See Doc. Nos. 1-1 at 5; 13 ¶ 10; 14 at 9, 15.) Accordingly, as a federal court sitting in diversity, the substantive law of California applies to the instant case.

#### A. Improper Venue

Defendant urges this Court to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. No. 13 ¶ 2; 14 at 14.) Citing the terms of the DeBoard Agreement, Defendant contends that venue for this action must be in Los Angeles County, California. (Id. at 15.) Defendant stresses that the DeBoard Agreement includes a mandatory forum selection clause designating that "venue for any suit, arbitration, mediation or any other form of dispute resolution shall be in Los Angeles County, California." (Doc. Nos. 1-1 at 5; 13 ¶ 34; 14 at 15.)

However, in Defendant's reply brief, Defendant also states that, if the complaint is not dismissed with prejudice, Defendant "stipulates and consents to venue and jurisdiction" in the Middle District of Pennsylvania. (Doc. No. 19 at 3; see Doc. No. 15 at 9 n.4.) Plaintiff responds that the complaint should not be dismissed for improper venue, but Plaintiff also notes that if Defendant "prefers venue in Los Angeles, California, [Plaintiff] requests the matter be transferred, not dismissed." (Doc. No. 15 at 9-11.)

The Supreme Court in Atlantic Marine held that a forum selection clause may not be enforced "by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3)" when venue is proper in the court in which the case was brought. Atl. Marine Const. Co. v. U.S. Dist. Court for

---

[5] Plaintiff contends, however, that its liability under the Administration Bond is governed by New York law. (Doc. No. 15 at 22 n.7.)

5

W. Dist. of Texas, 134 S. Ct. 568, 577 (2013). "[A] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." Id. The Court reasoned that "Section 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper,'" and whether "venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." Id. Here, venue is proper in the Middle District of Pennsylvania because Defendant resides in Camp Hill, Pennsylvania. 28 U.S.C. § 1391; (Doc. No. 1 ¶ 2.) Therefore, this Court may not dismiss the complaint with prejudice under Rule 12(b)(3).[6]

Accordingly, the Court will deny Defendant's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Atl. Marine Const. Co., 134 S. Ct. at 575, 577, 580; see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 878-79 (3rd Cir. 1995).

**B.  Failure to State a Claim**

Defendant also argues that the complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 13.) First, Defendant contends that Plaintiff fails to sufficiently allege a valid indemnity agreement, (Id. ¶¶ 45, 47-48, 52), or that the Administration Bond was "lawfully in effect" (Id. ¶ 46).

Under California law, an "indemnity agreement" is "a contract by which one engages to save another from a legal consequence of the conduct of one of the parties, or of some other

---

[6] Defendant appears to argue that dismissal under Federal Rule of Civil Procedure 12(b)(3) is proper because the forum selection clause specified a non-federal forum. (Doc. No. 14 at 16.) Defendant's contention fails for two reasons. First, the United States District Court for the Central District of California has a physical location in Los Angeles County, California. See Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82, 86-87 (3d Cir. 2006). Second, assuming arguendo that the forum selection clause specifies a non-federal forum and that Defendant invokes the forum non conveniens doctrine, dismissing with prejudice Plaintiff's complaint would not be in the interests of justice. See Atl. Marine Const. Co., 134 S. Ct. at 580; Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001).

person." Cal. Civ. Code § 2772. The agreement is "construed under the same rules as govern the interpretation of other contracts," Crawford v. Weather Shield Mfg. Inc., 187 P.3d 424, 430 (Cal. 2008), and "generally obligates the indemnitor to reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third persons." Myers Bldg. Indus., Ltd. v. Interface Tech., Inc., 17 Cal. Rptr. 2d 242, 254 (Cal. App. Ct. 1993); see Zalkind v. Ceradyne, Inc., 124 Cal. Rptr. 3d 105, 113 (Cal. App. Ct. 2011).

Here, Plaintiff adequately alleges that Defendant signed an indemnity agreement to reimburse Plaintiff for losses incurred under the Administration Bond that Plaintiff issued on behalf of Succa, and that Plaintiff sustained recoverable losses under the Administration Bond. (Doc. No. 1 ¶¶ 6-7, 13-14.) Attached to the complaint are copies of the DeBoard Agreement (Doc. No 1-1 at 5-8), the application for the Administration Bond (Id. at 3-4), and the Administration Bond (Id. at 9). The DeBoard Agreement provides, in relevant part:

> In consideration of … U.S. Specialty Insurance Company referred to hereafter as 'Surety,' issuing the bond applied for, the undersigned hereby agrees for themselves, their heirs, successors, and assigns jointly and severally … to indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses which the Surety may incur or has incurred due to the execution and issuance of the bond on, before or after this date ….

(Id. at 5.) Accordingly, the Court will decline to dismiss the complaint for failing to adequately allege either the existence of a valid indemnity agreement or that the Administration Bond was "lawfully in effect."[7]

Second, Defendant contends that the DeBoard Agreement is an unduly oppressive and, thereby, an unenforceable contract of adhesion under California law. (Doc. No. 13 ¶¶ 37-43.)

---

[7] Defendant also argues that Plaintiff "was required to invoke [Succa's] duty to indemnify … as a condition precedent" to recovering from Defendant. (See Doc. No. 13 ¶ 49.) Defendant cites Section 2846 of the California Civil Code, but Section 2846 does not sustain Defendant's proposition. Cal. Civ. Code § 2846 ("A surety may compel his principal to perform the obligation when due."). Defendant offers no convincing support for such a proposition. Accordingly, at this time, the Court will decline to dismiss the complaint on this basis.

On a Rule 12(b)(6) motion, an affirmative defense, such as the contract of adhesion defense raised by Defendant, is "appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997). Therefore, because the defect does not appear on the face of the pleading, the Court will decline to dismiss the complaint on Defendant's second ground. See Liberty Mut. Ins. Co. v. Hoge, 146 F. App'x 118, 120 (9th Cir. 2005); Am. Contractors Indem. Co. v. Sirkin, No. B-202129, 2009 WL 3385670, at *4 (Cal. Ct. App. Oct. 22, 2009).

Third, Defendant argues that Plaintiff violated its common law duty of good faith and fair dealing when settling the surcharge claims with the PAQC.[8] (See Doc. No. 13 ¶¶ 30, 50-51.) Under California law, "a surety is not entitled to indemnification for any payments made fraudulently or without good faith." See Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co., 54 Cal. Rptr. 2d 888, 898 (Cal. App. Ct. 1996); G&G Fire Sprinklers, Inc. v. TIG Premier Ins. Co., No. B-168053, 2005 WL 91212, at *12 (Cal. Ct. App. Jan. 18, 2005). Although the heightened duty of good faith imposed on insurers in insurance policy contracts does not apply to sureties, a surety's payment of claims can violate the general duty of good faith and fair dealing. Travelers Cas. & Sur. Co. of Am. v. Dunmore, No. 07-2493, 2009 WL 1586936, at **6-7 (E.D. Cal. June 5, 2009). Here, Plaintiff alleges that it agreed to pay the stipulated sum of $457,314.27 to the Hoffman Estate after the PAQC originally sought a surcharge in excess of one million dollars. (Doc. No. 1 ¶¶ 12-14.) Furthermore, in a letter attached to the complaint, Plaintiff states that it "retain[ed] a consultant and attorneys to assist it investigating and evaluating the [PAQC's] claims." (Doc. No. 1-1 at 20.) Accordingly, Plaintiff has sufficiently alleged that it exercised its discretion to settle the PAQC's claims in good faith.

---

[8] Defendant also contends that Plaintiff failed to satisfy its good faith duty to provide Defendant notice of potential claims against the Administration Bond. (Doc. No. 13 ¶ 51.)

Fourth, Defendant contends that his "status as additional indemnitor" terminated upon Succa's death, that Succa's death constituted a "material change," and that Defendant never agreed to become an additional indemnitor for Carl Succa, the personal representative of Edmund J. Succa's estate. (Doc. Nos. 13 ¶ 47; 14 at 21-23.) The California Court of Appeal's decision in R.P. Richards, Inc. v. Chartered Construction Corp. provides the applicable standard:

> Certain acts by the promisee exonerate, or release, the surety. Section 2819 [of the California Civil Code] states that the surety is exonerated if the promisee alters the principal obligation in any respect or impairs or suspends the promisee's rights or remedies against the principal, unless the surety consents or is indemnified by the principal. … [Moreover,] [S]ection 2810 states that the surety is not liable if the principal's liability ceases on grounds other than the principal's "mere personal disability," unless the surety assumed liability with knowledge of the existence of the defense. Personal disabilities that ordinarily would not exonerate the surety include the principal's bankruptcy or death.

R.P. Richards, Inc. v. Chartered Const. Corp., 99 Cal. Rptr. 2d 425, 431 (Cal. Ct. App. 2000) (interior citations and footnotes omitted). Here, because the defect does not appear on the face of the pleading and the question of whether a change discharges the surety is "factually intense," the Court will decline to dismiss the complaint at the 12(b)(6) stage on these grounds. See The Law of Suretyship 133 (Edward G. Gallagher ed., 2000). Defendant's challenges are more appropriately addressed in a summary judgment motion or at trial.

Finally, Defendant contends that the complaint "fails to identify, itemize, or break down" Plaintiff's alleged damages. (Id. ¶¶ 8, 16, 53.) Here, Plaintiff alleges that it sustained $457,314.27 in losses due to Succa's alleged mismanagement of the Estate as well as $163,335.58 in additional, out-of-pocket expenditures. (See Doc. No. 1 ¶¶ 15-17, 21.) Plaintiff's allegations suffice to withstand a motion to dismiss under Rule 12(b)(6). Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 799 (9th Cir. 1996) (allegation that Plaintiff "sustained special and general damages" sufficient to withstand a Rule 12(b)(6) motion).

9

Accordingly, the Court will deny Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, the Court will deny Defendant's motion to dismiss the complaint for improper venue and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). An order consistent with this memorandum follows.